[No. 21495.   Department One.   May 9, 1929.]

FRANCES DUMAS, *Appellant*, v. JAMES O'LEARY, *Respondent*.[1]

*Chadwick, McMicken, Ramsey & Rupp*, and *Frank A. Steele*, for appellant.

*Jay C. Allen* and *John F. Walthew*, for respondent.

[1]Reported in 277 Pac. 449.

MITCHELL, C. J.—Daniel O'Leary died in 1897, leaving a will giving a certain interest in all his real property to his daughter Frances, now Mrs. Frances Dumas. The will was promptly admitted to probate in the superior court of King county. James O'Leary, a brother of Daniel O'Leary, was nominated in the will as executor, and qualified and acted as such in the settlement of the estate.

In 1927, Frances Dumas brought this action against her uncle James O'Leary for an accounting by him of all property of the estate coming into his hands as executor and trustee. The issues in the case were framed in such way as to present, among other things, the question of whether a deed of conveyance, executed and delivered by Daniel O'Leary and his wife to James O'Leary, dated June 25, 1896, to lots 5 and 6, block 30, Maynard's Plat of the city of Seattle, was an absolute conveyance or intended to be a mortgage. The plaintiff alleged that it was a mortgage, and that the defendant should account for the proceeds of a sale of the property made by him. The defense was that the conveyance was absolute, and further that plaintiff's action was barred by the statute of limitations. Formal findings of fact and conclusions of law were entered in favor of the defendant on both defenses. The plaintiff has appealed from the judgment on the findings.

A number of issues were presented by the pleadings, all of which were determined against the appellant. The only one urged on the appeal is the one relating to the real estate conveyance heretofore mentioned. Counsel for the appellant admit that the evidence and circumstances must be strong, clear and convincing to show that a deed absolute in form was intended as a mortgage. The finding of the trial court on this question was as follows:

"The court finds as a fact that the deed from Daniel O'Leary to James O'Leary for the lots in Maynard's Addition was an absolute sale from Daniel O'Leary to James O'Leary in payment and satisfaction of an indebtedness then due by the said Daniel O'Leary to the said James O'Leary; that at that time the indebtedness was approximately $2,200; that the market value of the lots was not disproportionate to said sum; that in fact, owing to the financial depression then existing said lots had little if any market value; that shortly after the transfer and on or about September, 1896, and prior to the death of said Daniel O'Leary, the deed was recorded in the auditor's office of King county, Washington, and the said defendant at all times thereafter was in the open and notorious and exclusive possession of said property, claiming the same as his own. The court finds the fact that said deed was an absolute deed, was given as and intended to be an absolute transfer of said property to the defendant and vested in the defendant title in fee thereto."

An examination of the evidence leads satisfactorily to the views expressed in the finding. This being enough to sustain and warrant the judgment appealed from, we find it unnecessary to discuss the question of the statute of limitations as applied to the case.

Affirmed.

FULLERTON, TOLMAN, HOLCOMB, and FRENCH, JJ., concur.